UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>FRED DEN, individually and on behalf of )<br>all others similarly situated, )<br>      Plaintiff, )<br> )<br>  v. )<br> )<br>KAREN A. WALKER, EDWARD H. SNOWDEN )<br>and BOSTON COMMUNICATIONS GROUP, )<br>INC., )<br>      Defendants. )<br>_____ )<br> )<br>RONALD C. WON, Individually and on behalf of )<br>all others similarly situated, )<br>      Plaintiff, )<br> )<br>  v. )<br> )<br>BOSTON COMMUNICATIONS GROUP, INC., )<br>KAREN A. WALKER, and EDWARD H. )<br>SNOWDEN, )<br>      Defendants. )<br>_____ ) | Civil Action No. 03-12211DPW<br><br><br><br><br><br>Civil Action No. 03-12244DPW |

**JOINT STATEMENT AND PROPOSED SCHEDULING ORDER PURSUANT TO LOCAL RULE 16.1**

Pursuant to Rule 16.1 of the Local Rules of this Court and the Notice of Scheduling Conference and Order for Joint Statement and Certifications, dated December 9, 2003, the parties hereto respectfully submit the following Joint Statement and Proposed Scheduling Order:

**I.  CASE BACKGROUND AND STATUS.**

    **A.  The Actions.**

Since November 10, 2003, four putative securities class actions have been filed against defendants Boston Communications Group, Inc. ("BCGI"), Karen A. Walker and Edward H.

Snowden (collectively "defendants"): (1) *Den v. Walker*, Civ. Act. No. 03-12211DPW (filed November 10, 2003), (2) *Won v. Boston Communications Group, Inc.*, Civ. Act. No. 03-12244DPW (filed November 13, 2003), (3) *Stalka v. Boston Communications Group, Inc.*, Civ. Act. No. 03-12486DPW (filed December 11, 2003), and (4) *Bulko v. Boston Communications Group, Inc.*, Civ. Act. No. 04-10081DPW (filed January 14, 2004). Each of the complaints alleges that the defendants violated Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder, and each is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

    B.    **The Pending Petitions for Appointment of Lead Plaintiff(s).**

On January 12, 2004, two competing petitions for appointment of lead plaintiff(s), and two motions to consolidate the actions were filed. One petition for appointment of lead plaintiffs was filed by the *Den* plaintiff, along with two newly added plaintiffs represented by the same counsel (hereinafter known as the "*Feldman* Group"). The *Feldman* Group claims, collectively, to have purchased 9600 shares of BCGI stock. The other petition for appointment of lead plaintiff was filed on behalf of the *Stalka* plaintiff, who claims to have purchased 4000 shares of BCGI stock.

**II.    PROPOSED SCHEDULE.**

The parties propose the following schedule for these actions:

1. Within forty-five days after the Court files an Order appointing the lead plaintiff(s) and lead counsel, the lead plaintiff(s) may serve and file an amended complaint. Defendants are not required to respond to the existing complaints.

2. Within forty-five (45) days after the filing of the amended complaint, defendants shall respond by either filing an answer or a motion to dismiss the complaint. If defendants elect to

file a motion to dismiss, the lead plaintiff(s)' opposition, if any, shall be due thirty (30) days after service, and defendants' reply brief shall be due twenty-one (21) days after service of the opposition.

   3.  Subject to the Court's approval, all discovery in these actions shall be stayed, including automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), pursuant to the PSLRA's stay provision, 15 U.S.C. § 78u-4(b)(3)(B).

   4.  Within thirty (30) days of a decision being rendered on a motion to dismiss, or upon a defendant filing an answer to the amended complaint, whichever is first to occur, the parties shall, if necessary, file a Joint Status Report, which shall contain a proposed pre-trial schedule, including a joint discovery plan.

**III.  MISCELLANEOUS ISSUES.**

   The parties agree that the exchange of settlement demands is premature at this time. The parties have also agreed to postpone discussion of trial before a magistrate judge, and use of alternative dispute procedures.

| | |
|---|---|
| FRED DEN, ADAM FELDMAN and BETH STOCKINGER, | KAREN A. WALKER, EDWARD H. SNOWDEN and BOSTON COMMUNICATIONS GROUP, INC., |
| By their attorneys, | By their attorneys, |
| /s/Theodore M. hess-Mahan<br>Thomas G. Shapiro (BBO #454680)<br>Theodore M. Hess-Mahan (BBO #557109)<br>Shapiro Haber & Urmy LLP<br>75 State Street<br>Boston, MA 02109<br>(617) 439-3939 | /s/Lisa M. Cameron<br>Jeffrey B. Rudman (BBO #433380)<br>Andrea J. Robinson (BBO #556337)<br>Lisa M. Cameron (BBO #639951)<br>Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000 |

Christopher J. Keller
Goodkind Labaton Rudoff & Sucharow LLP
100 Park Avenue
New York, NY 10017
(212) 907-0700

Paul Geller
Cauley Geller Bowman & Rudman LLP
2255 Glades Road
Suite 421A
Boca Raton, FL 33431
(561) 750-3000


RONALD C. WON

By his attorneys,

/s/David Pastor_____
David Pastor (BBO #391000)
Edward L. Manchur (BBO #316910)
Gilman and Pastor, LLP
Stonehill Corporate Center
999 Broadway
Suite 500
Saugus, MA 01906
(781) 231-7850


Marc A. Topaz
Richard A. Maniskas
Chad E. Kauffman
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706


Date:   January ____, 2004